1
2
3
4
5

6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   ROY JAMARILLO.                          CASE NO. CV-F-10-1283 LJO GSA

10             Plaintiffs,                   **ORDER ON DEFENDANT'S MOTION TO
                                             DISMISS** (Docs. 9, 12)

11        vs.

12  FOOD 4 LESS MADERA (aka GONG &
    GONG CO.),

13
              Defendant.

14
                                        /

15

16                             INTRODUCTION

17        Plaintiff Roy Jamarillo ("Mr. Jamarillo") asserts disability discrimination, retaliation, and

18  defamation claims against defendant Gong & Gong Company ("Gong"), doing business as Food 4 Less

19  Madera.  Gong moves to dismiss to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R.

20  Civ. P. 12(b)(1).  Gong argues that this Court lacks federal jurisdiction over this action, because Mr.

21  Jamarillo's sole federal claim is time-barred.  Moreover, Gong contends that because Mr. Jamarillo's

22  federal claim fails, this Court must dismiss the remaining claims rooted in state law.  In the alternative,

23  Gong moves to dismiss five causes of action for failure to state a claim, pursuant to Fed. R. Civ. P.

24  12(b)(6).  Mr. Jamarillo failed to oppose this motion in a timely fashion.  The opposition was due on

25  September 9, 2010, but was filed midday on September 14, 2010.  This Court STRIKES the opposition

26  as untimely.  Nevertheless, this Court DENIES Gong's Fed. R. Civ. P. 12(b)(1) motion, as the time

27  period for the filing of an EEOC charge is not jurisdictional.  In addition, this Court GRANTS in part

28  and DENIES in part Gong's Fed. R. Civ. P. 12(b)(6) motion.

                                        1

1                                                 **BACKGROUND**

2            Mr. Jamarillo is a former employee of Gong's Madera supermarket, where he worked as a

3    stocker and receiver between May 1999 and August 2009.  In June 2007, Mr. Jamarillo suffered an

4    injury to his foot when a third-party vendor ran it over with a forklift at Gong's supermarket.  Mr.

5    Jamarillo took medical leave after the incident, and returned to work in September 2007.

6            When Mr. Jamarillo returned to work, he requested accommodation for his medical work

7    restrictions.  Gong complied with his work restrictions to provide accommodations.  Other employees

8    performed duties Mr. Jamarillo could not perform, and Mr. Jamarillo was permitted to sit down while

9    operating the forklift.  In addition, Gong assigned Mr. Jamarillo tasks that supported his work

10   restrictions, such as doing paperwork.

11           Mr. Jamarillo filed a civil lawsuit against the third-party vendor to recover for his injuries related

12   to the forklift incident.  Between September 2007 and August 2009, Mr. Jamarillo took four days off to

13   meet with his attorney, testify in deposition, and testify in court.  Mr. Jamarillo's supervisor became

14   upset with him, and told him not to take the day off to give his deposition in the case.  Another time,

15   Gong's Human Resources representative expressed anger when the parties of Mr. Jamarillo's lawsuit

16   wanted to inspect Gong's premises.

17           In April 2009, Gong reduced Mr. Jamarillo's pay and forced him to work part-time.  In June

18   2009, Gong told Mr. Jamarillo that it would no longer accommodate his work restrictions, because he

19   was permanently disabled.  Mr. Jamarillo was told that he had to return to stocking and doing physical

20   work.  If Mr. Jamarillo refused, he was told that Gong would stop providing him with medical insurance

21   benefits.  Mr. Jamarillo complained to Gong, asserting discrimination and retaliation.  Gong did not

22   investigate or take corrective action.

23           Gong terminated Mr. Jamarillo's employment on August 3, 2009.  Mr. Jamarillo was told that

24   Gong could not accommodate his work restrictions.  Mr. Jamarillo alleges that Gong terminated his

25   employment because of physical disability, in retaliation for consulting with an attorney about his

26   working conditions, and for complaining about and reporting unsafe working conditions.

27           Mr. Jamarillo alleges that he exhausted his administrative remedies.  To support this allegation,

28   Mr. Jamarillo attaches a right-to-sue letter, which he alleges was issued by the California Department

1   of Fair Employment and Housing ("DFEH").  The right-to-sue letter appears on DFEH letterhead.  The

2   April 22, 2010 letter reads, in pertinent part:

3       This is to advise you that the above-referenced complaint is being referred to the
        California Department of Fair Employment and Housing (DFEH) by the U.S. Equal
4       Employment Opportunity Commission (EEOC).   The complaint will be filed in
        accordance with California Government Code section 12960.  This notice constitutes
5       service pursuant to Government Code section 12962.

6       The EEOC will be responsible for the processing of this complaint.  DFEH will not be
        conducting an investigation into this matter.  EEOC should be contacted directly for any
7       discussion of the charge.  DFEH is closing its case on the basis of "processing waived
        to another agency."
8
        Since DFEH will not be issuing an accusation, this letter is also your right-to-sue
9       notice....[Y]ou may bring a civil action under the provisions of the Fair Employment and
        Housing Act...This lawsuit may be filed in a State of California Superior Court.
10
        Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.
11

12   The letter refers to "EEOC Number: 485-2010-00245."

13       Mr.  Jamarillo initiated this action on July 16, 2010.  Gong moved to dismiss on August 23,

14   2010. Mr. Jamarillo failed to oppose this motion.  This Court finds this motion suitable for a decision

15   without a hearing, vacates the September 23, 2010 hearing pursuant to Local Rule 230(c) and (g), and

16   issues the following order.

17                                     STANDARDS OF REVIEW

18                                      Fed. R. Civ. P. 12(b)(1)

19       In considering a motion to dismiss for lack of subject matter jurisdiction, the plaintiff, as the

20   party seeking to invoke the court's jurisdiction, always bears the burden of establishing subject matter

21   jurisdiction. *Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001).

22   The court presumes a lack of subject matter jurisdiction until the plaintiff proves otherwise.  *See*

23   *Kokkonen v. Guardian Life Ins. Co. of America*, 114 S.Ct. 1673, 1675 (1994).  The court must also

24   consider whether the motion to dismiss is "facial, confining the inquiry to allegations in the complaint,

25   or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High School*,

26   343 F. 3d 1036, 1039-40 n.2 (9th Cir. 2003); *see also, White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

27   In the facial attack, a party challenges subject matter jurisdiction by asserting that the allegations in the

28   complaint are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*,

                                              3

277ed19787f2b5dc

1   373 F.3d 1035, 1039 (9th Cir. 2004).  In a factual challenge, the truth of the allegations, which would

2   otherwise invoke subject matter jurisdiction, is challenged and this Court "is not restricted to the face

3   of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual

4   disputes concerning the existence of jurisdiction." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).

5   The government presents a factual challenge.  Therefore, "[o]nce the moving party has converted

6   the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought

7   before the court, the party opposing the motion must furnish affidavits or other evidence necessary to

8   satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039-40 n.2.

9   **Fed. R. Civ. P. 12(b)(6)**

10   The Court considers whether Plaintiffs state a claim pursuant to the standards of review

11   applicable under Fed. R. Civ. P. 12(b)(6).  In considering whether Plaintiffs have stated a claim, the

12   Court considers as true the allegations of the complaint, as well as the judicially-noticeable agreements

13   between the government and the State, construes the pleading in the light most favorable to the party

14   opposing the motion, and resolves all doubts in the pleader's favor.  *Lazy Y. Ranch LTD v. Behrens,* 546

15   F.3d 580, 588 (9th Cir. 2008).   To survive Fed. R. Civ. P. 12(b)(6) scrutiny, "a complaint . . . must

16   contain either direct or inferential allegations respecting all the material elements necessary to sustain

17   recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 52, 127 S. Ct.

18   1955, 1969 (2007).

19   **DISCUSSION**

20   **Jurisdictional Challenge**

21   In his complaint, Mr. Jamarillo asserts jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C.

22   §1343(4).  As set forth above, Mr. Jamarillo alleges that he complied with all prerequisites to jurisdiction

23   of this Court as required by 42 U.S.C. §20002 et seq., and exhausted his administrative remedies prior

24   to filing this civil action.  To support this allegation, Mr. Jamarillo attached the DFEH right-to-sue letter.

25   Gong argues that this Court lacks jurisdiction over Mr. Jamarillo's claims because Mr. Jamarillo

26   failed to exhaust his administrative remedies by failing to file a timely EEOC claim.  Gong contends that

27   Mr. Jamarillo's EEOC claim, filed on April 21, 2010 is untimely, as it was not filed within 180 days.

28   In addition, Gong argues that the DFEH right-to-sue letter is insufficient to allow a Title VII claim.

1 | Gong's arguments fail on multiple grounds.

2 |      First, "[f]ailure to obtain a federal right-to-sue letter does not preclude federal jurisdiction."

3 | *Surrell v. Cal. Water Serv.*, 518 F.3d 1097, 1104 (9th Cir. 2008).  Although Mr. Jamarillo is required

4 | to exhaust administrative remedies to bring a Title VII claim, "filing a timely charge of discrimination

5 | with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a

6 | statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines,*

7 | *Inc.*, 455 U.S. 385, 393 (1982).  Gong asserts that it brings this "speaking motion" to present a factual

8 | challenge to jurisdiction; however, "Title VII's timeliness provision is entirely separate from Title VII's

9 | jurisdictional provisions and 'does not speak in jurisdiction terms or refer in any way to the jurisdiction

10 | of the district courts.'" *Surrell*, 518 F.3d at 1104 (quoting *Zipes*, 455 U.S. at 394).  Thus, although a

11 | plaintiff is required to exhaust administrative remedies, this conditions precedent is a statutory

12 | requirement, not jurisdictional.

13 |      Second, Gong erroneously argues that Mr. Jamarillo's EEOC claim was required to be filed

14 | within 180 days. 42 U.S.C. §2000e-5(e)(1) provides:

15 |      A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred ...except that in a case of an unlawful

16 |      employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such

17 |      practice..., such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty

18 |      days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed

19 |      by the Commission with the State or local agency.

20 | Pursuant to this statute, Title VII requires a plaintiff to file a claim with the EEOC within 300 days of

21 | the alleged discriminatory act(s) if the state in which the discriminatory act occurred has a state agency

22 | that deal with such matters and the complainant has instituted proceedings with that agency, or within

23 | 30 days of receiving notice that the state agency has terminated its proceedings, whichever is earlier. *Id*.;

24 | *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

25 |      The 300-day time period applies in California.  Title VII authorizes the EEOC to enter into

26 | "worksharing" agreements with state and local fair employment practice agencies to "establish effective

27 | and integrated resolution procedures." 42 U.S.C. §2000e-8(b).  The DFEH is a designated agency, and

28 | has entered into a worksharing agreement with the EEOC. 29 C.F.R. §1601.74; *Green v. Los Angeles*

1  *County Sup. of Schools*, 883 F.2d 1472, 1476 (9th Cir. 1989).  Under this workshare agreement, a charge

2  filed with the DFEH is deemed constructively filed with the EEOC, because the EEOC and DFEH

3  cross-designate the other as its agent for the purpose of receiving charges. *EEOC v. Dinuba Med. Clinic*,

4  222 F.3d 580, 585 (9th Cir. 2000) ("Constructive filing is made possible by 'worksharing agreements,'

5  which designate the EEOC and the state agency each other's agents for the purpose of receiving

6  charges."); *Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1175 (9th Cir. 1999) ("[A] charge

7  filed with the state agency before the 300-day filing deadline expires is deemed automatically filed with

8  the EEOC on that same day."); *Green*, 883 F.2d at 1475-76 (holding that, under EEOC-DFEH

9  worksharing agreement, charge filed with DFEH is deemed to have been filed with the EEOC on the

10  same day).  Thus, a California plaintiff must file a charge with the EEOC within 300 days of the alleged

11  unlawful practice, not 180 days.

12       Mr. Jamarillo timely filed his EEOC charge.  Mr. Jamarillo filed his charge of discrimination

13  with the DFEH and the EEOC on April 21, 2010.  By Gong's account, that was 262 days after his

14  alleged wrongful termination on August 3, 2009.  Thus, Mr. Jamarillo filed his EEOC charge within 300

15  days of the alleged wrongful conduct.  Moreover, Mr. Jamarillo's EEOC claim was timely because it

16  was filed constructively before the 300-day time period had elapsed.  "When a charge is initially filed

17  with a state agency...it cannot be considered 'filed' with the EEOC 'before the expiration of sixty days

18  after proceedings have been commenced under the State or local law, unless such proceedings have been

19  earlier terminated. . . ." *Dinuba Med. Clinic*, 222 F.3d at 585, *quoting* 42 U.S.C. § 2000e-5(c).  "In other

20  words, the state agency must be given a 60-day window in which it has the initial and exclusive right

21  to process the charge, 'free from premature federal intervention.'" *Id*. (quoting *EEOC v. Commercial

22  Office Prods. Co.*, 486 U.S. 107, 110 (1988)).  As the *Dinuba Med. Clinic* court explained:

23       The net effect of the 60-day deferral provision on the 300-day limitations period is that
         a charge initially filed with a state agency will be treated as constructively filed with the
24       EEOC upon either the expiration of 60 days or the termination of agency proceedings,
         whichever occurs first. See 42 U.S.C. 2000e-5(c); *see also* 29 C.F.R. § 1601.13(b)(1).
25       Constructive filing is made possible by "worksharing agreements," which designate the
         EEOC and the state agency each other's agents for the purpose of receiving charges. *See*
26       *Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1175-76 (9th Cir. 1999). In
         practical terms, therefore,  a charge filed with a state agency within 240 days of the
27       unlawful employment practice will be guaranteed timely filing with the EEOC. *See id.*
         at 1174. If the charge is filed with the state agency after the 240th day, however, it will
28       be deemed timely filed with the EEOC only if state proceedings are terminated prior to

1      the lapse of the 300th day. *See id.*

2 222 F.3d at 585.  On April 22, 2010, DFEH sent Mr. Jamarillo its right-to-sue letter, indicating that the

3 state proceedings were terminated.  This was prior to the 300th day.  Accordingly, Mr. Jamarillo's EEOC

4 claim was filed in a timely manner.

5      Third, the Court may waive the EEOC exhaustion requirement where, as here, a plaintiff has

6 filed a claim with the DFEH, and received a DFEH right-to-sue letter. "Under Title VII, a plaintiff must

7 exhaust her administrative remedies by filing a timely charge with the EEOC, *or the appropriate state*

8 *agency*, thereby affording the agency an opportunity to investigate the charge." *B.K.B. v. Maui Police*

9 *Dep't.*, 276 F.3d 1091, 1099 (9th Cir. 2002) (emphasis added) (citing 42 U.S.C. §2000e-5).  "[W]here,

10 as here, a plaintiff is entitled to receive a right-to-sue letter from the EEOC, a plaintiff may proceed

11 absent such a letter, provided she has received a right-to-sue letter from the appropriate state agency."

12 *Surrell*, 518 F.3d at 1105.  Mr. Jamarillo received a right-to-sue letter from the DFEH.  Accordingly, the

13 failure to obtain the right-to-sue letter from the EEOC does not bar his claim.

14      For these reasons, this Court DENIES Gong's Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack

15 of subject matter jurisdiction.  In addition, this Court considered Gong's motion to dismiss sua sponte

16 under Fed. R. Civ. P. 12(b)(6).  Even under these standards, Gong's motion to dismiss the first cause

17 of action is denied.

18                                    **Challenge to Sufficiency of the Pleadings**

19      In the alternative, Gong moves to dismiss Mr. Jamarillo's fifth, sixth, ninth, and tenth causes of

20 action pursuant to Fed. R. Civ. P. 12(b)(6).  Gong argues that Mr. Jamarillo's fifth and sixth causes of

21 action must be dismissed because they exceed the scope of his administrative claim.  As to the ninth and

22 tenth causes of action, Gong argues that Mr. Jamarillo has failed to state a claim.  The Court considers

23 each challenge to the causes of action individually.

24                                    **Fifth and Sixth Causes of Action–Retaliation**

25      In his fifth and sixth causes of action, Mr. Jamarillo asserts retaliation claims against Gong.

26 Gong argues that these claims must be dismissed because they exceed the scope of the EEOC charge Mr.

27

28

1    Jamarillo filed.  This Court agrees, and dismisses Mr. Jamarillo's fifth and sixth causes of action.[1]

2         "[T]he jurisdictional scope of a Title VII claimant's court action depends both on the EEOC

3    charge and the EEOC investigation." *Green,* 883 F.2d at 1476; *Sosa v. Hiraoka*, 920 F.2d 1452, 1456

4    (9th Cir. 1990).  Subject matter jurisdiction extends over all allegations of discrimination that either "fell

5    within the scope of the EEOC's actual investigation or an EEOC investigation which *can reasonably*

6    *be expected* to grow out of the charge of discrimination." *EEOC v. Farmer Bros.*, 31 F.3d 891, 899 (9th

7    Cir. 1994) (emphasis in original) (quoting *Sosa*, 920 F.2d at 1456).  "The administrative charge

8    requirement serves the important purposes of giving the charged party notice of the claim and narrowing

9    the issues for prompt adjudication and decision." *Id*. (citations and quotations omitted); *see also*

10   *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985) ("Allowing a complaint to encompass

11   allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory

12   and conciliatory role, as well as deprive the charged party of notice of the charge ….").

13        Because there are no allegations of an EEOC investigation, this Court considers the EEOC

14   charge to determine whether this Court has subject matter jurisdiction over Mr. Jamarillo's retaliation

15   claims.  In reviewing the jurisdictional question, the Court construes Mr. Jamarillo's EEOC charge "with

16   the utmost liberality." *Farmer Bros*., 31 F.3d at 899.  "Allegations of discrimination not included in the

17   plaintiff's administrative charge may not be considered by a federal court unless the new claims are 'like

18   or reasonably related to the allegations contained in the EEOC charge." *B.K.B*., 276 F.3d at 1100.

19        In the administrative charge of discrimination, there is a box that allows a claimant to identify

20   the type of discrimination upon which the claim is based.  This box allows the claimant to check as many

21   options as are applicable.  The choices include race, color, sex, religion, national origin, retaliation, age,

22   disability, genetic information, and other.  Mr. Jamarillo marked "disability" in this area.  Although

23   "retaliation" was an option, Mr. Jamarillo did not select it.

24        To determine whether Mr. Jamarillo exhausted his administrative remedies as to the retaliation

25   claims that he did not specify in his administrative charge:

26

27   _____

[1] Although Gong moves to dismiss these claims pursuant to Fed. R. Civ. P. 12(b)(6), the Court notes that unlike the
time period for filing the EEOC charge, the scope of Mr. Jamarillo's claims *is* jurisdictional, *EEOC v. Farmer Bros. Co.*, 31

28   F.3d 891, 899 (9th Cir. 1994), and this Court dismisses the claims for lack of subject matter jurisdiction.

1   it is appropriate to consider such factors as the alleged basis of the discrimination, dates
    of discriminatory acts specified within the charge, perpetrators of discrimination named
2   in the charge, and any locations at which discrimination is alleged to have occurred. In
    addition, the court should consider plaintiff's civil claims to be reasonably related to
3   allegations in the charge to the extent that those claims are consistent with the plaintiff's
    original theory of the case.

4

5   *B.K.B.*, 276 F.3d at 1100.  No complaint is attached to the administrative claim.  On the basis of the form

6   alone, no information was given as to dates of discriminatory acts, or Mr. Jamarillo's original theory of

7   the case.  The information provided to the EEOC, and to this Court, was that Mr. Jamarillo asserted a

8   claim of disability discrimination against Gong.  Although presented with the option, Mr. Jamarillo did

9   not indicate retaliation on the form.  Mr. Jamarillo failed to charge the retaliation claims on his EEOC

10  form, and these retaliation claims are not reasonably expected to result from the disability discrimination

11  claim that was generally alleged on the form.  Therefore, this Court finds that it lacks subject matter

12  jurisdiction over Mr. Jamarillo's fifth and sixth causes of action.

13                    **Ninth Cause of Action–Cal. Labor Code section 230(b)**

14         Cal. Labor Code section 230(b) provides in relevant part: "An employer may not discharge or

15  in any manner discriminate or retaliate against an employee...for taking time off to appear in court to

16  comply with a subpoena or other court order as a witness in any judicial proceeding." *Id*.

17         Gong faults Mr. Jamarillo's complaint for failure to allege that Mr. Jamarillo: (1) appeared in

18  court to testify as a witness in a judicial proceeding, (2) had to appear in court to comply with a

19  subpoena or other court order; and (3) testified as a witness in a legal proceeding.  Gong's first and third

20  assertions are false and redundant.  Mr. Jamarillo alleges in paragraph 16 of the complaint as follows:

21  "On approximately four occasions, Plaintiff took time off work to meet with his attorney and *to testify*

22  *in his civil suit*." (emphasis added).  This allegations satisfies the Fed. R. Civ. P. 8 pleading requirement.

23         Although this Court construes a pleading in the light most favorable to the non-movant, this

24  Court finds that the allegations of the complaint are insufficient to state a Cal. Labor Code section 230(b)

25  claim, because no facts give rise to the inference that Mr. Jamarillo appeared in Court pursuant to a

26  subpoena or other court order, as required by the statute.  Although Mr. Jamarillo alleges that he missed

27  work to testify in his civil action, there is no indication that the court ordered him to testify.

28  Accordingly, this Court grants Gong's motion to dismiss this cause of action.

**Tenth Cause of Action–Defamation Per Se**

Mr. Jamarillo's tenth cause of action is for defamation per se.  Mr. Jamarillo alleges that defendants "told others, including other agents of [Gong] and subsequent potential employers, expressly or by implication, that Plaintiff was an unreliable employee who did not adhere to Defendant's attendance policy and who deserved to be terminated for poor performance.  In fact, Plaintiff was at all times material herein, a reliable employee who did not have poor attendance." Compl. ¶74.  Mr. Jamarillo further alleges that the false and defamatory statements violated "Cal. Civil Code §§45 and 46(3)(5)" because the speech had either the meaning or substance that Mr. Jamarillo "violated policies; that he was deserving of disciplinary actions against him; and that he was terminated for poor performance." Comp., ¶75.

Gong moves to dismiss Mr. Jamarillo's defamation cause of action, arguing that the allegations fails to state a claim for defamation per se.  Moreover, Gong argues, because the allegations fail to state a claim for defamation per se, Mr. Jamarillo was required to plead special damages, which he failed to do.  For these reasons, Gong argues that this Court must dismiss Mr. Jamarillo's tenth cause of action.

Mr. Jamarillo alleges defamation pursuant to Cal. Civil Code sections 45 and 46(3) and (5). California Civil Code section 45 defines libel as "a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injury him in his occupation." California Civil Code section 45(a) explains:

> A libel which is defamatory of the plaintiff without the necessity of explanatory matter, such as an inducement, innuendo or other extrinsic fact, is said to be libel on its face. Defamatory language not libelous on its face is not actionable unless the plaintiff and proves that he has suffered special damage as a proximate result thereof.

California Civil Code section 46 defines slander, in relevant part, as an unprivileged communication that either injured Mr. Jamarillo, directly or indirectly, with respect to his office, profession, trade, or business or if its publication, or by natural consequence, caused him actual damage. Cal. Civ. Code §46. Thus, defamation includes a publication that is false, defamatory, unprivileged, and has a natural tendency to injure or causes special damage. *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007).

Mr. Jamarillo's allegations do not amount to defamation per se.    Statements about Mr.

1  Jamarillo's job performance qualify as "opinion" and do not assert a fact. *Gould v. Maryland Sound*

2  *Industrs., Inc.*, 331 Cal. App. 4th 1137 (1995).  In *Gould*, for example, also a wrongful termination

3  action, the plaintiff asserted a defamation claim based on statements by his supervisor that the plaintiff

4  performed his job poorly.  The court found that this "was clearly a statement of opinion.  It did not

5  suggest any lack of honesty, integrity, or competency on plaintiff's part, nor did it impute any

6  reprehensible personal characteristic." *Id*.  Therefore, the court concluded that the statement was not

7  defamatory. *Id*.

8      Even if the statements are not opinion, Mr. Jamarillo's allegations support a claim for defamation

9  per quod, not defamation per se. *See, e.g., The Nethercutt Collection v. Regalia*, 172 Cal. App. 4th 361

10 (2009) (statement that president of museum demanded a commission or a finder's fee was defamation

11 per quod, not defamation per se that it negatively affected his profession).  To state a defamation per

12 quod claim, Mr. Jamarillo must plead special damages.  *Id.*; California Civil Code section 45(a).  Mr.

13 Jamarillo has failed to plead special damages in his complaint.  Accordingly, Mr. Jamarillo's defamation

14 cause of action fails.

15                              **ORDER**

16      For the foregoing reasons, this Court:

17      1.    DENIES in part Gong's motion to dismiss Mr. Jamarillo's first cause of action;

18      2.    GRANTS in part Gong's motion to dismiss, and DISMISSES Mr. Jamarillo's fifth, sixth,

19            ninth, and tenth causes of action;

20      3.    GRANTS Mr. Jamarillo leave to amend the complaint.  Mr. Jamarillo's amended

21            complaint is due no later than October 5, 2010; and

22      4.    VACATES the September 23, 2010 hearing on this motion.

23                        IT IS SO ORDERED.

24  **Dated:    September 14, 2010**              **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE

25

26

27

28