IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY JARAMILLO, | CASE NO. CV F 10-1283 LJO GSA |
| Plaintiff, | **ORDER ON DEFENDANT'S F.R.Civ.P. 12 MOTION TO DISMISS** |
| vs. | (Doc. 20.) |
| FOOD 4 LESS MADERA (a.k.a. GONG & GONG COMPANY, et al., | |
| Defendants. | |

## INTRODUCTION

Defendant Gong & Gong Company dba Food 4 Less ("Gong") seeks to dismiss plaintiff Roy Jaramillo's ("Mr. Jaramillo's") medical leave claims as beyond the scope of his underlying administrative discrimination charge. Mr. Jaramillo responds that his medical leave claims would have been uncovered by investigation of his other claims to render them within the scope if his administrative charge. Gong seeks to dismiss Mr. Jaramillo's California Labor Code section 230 (taking time off to appear in court) claim as lacking necessary factual allegations. Mr. Jaramillo responds that his California Labor Code section 230 claim is adequately pled and legally supported. Gong further seeks to dismiss Mr. Jaramillo's defamation claim as lacking a necessary statement of fact. Mr. Jaramillo responds that statements critical of his job performance are of fact to support a defamation claim. This Court considered Gong's F.R.Civ.P. 12(b)(1) and 12(b)(6) motion to dismiss on the record and

VACATES the November 22, 2010 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DISMISSES Mr. Jaramillo's medical leave and defamation claims and DENIES dismissal of his Labor Code section 230 claim.

## **BACKGROUND**[1]

### **Mr. Jaramillo's Injury**

During May 1999 to August 2009, Mr. Jaramillo worked at Gong's Madera grocery store as a stocker and was promoted to receiver. In June 2007, a forklift driver employed by an outside vendor ran over Mr. Jaramillo's foot. Mr. Jaramillo took medical leave and returned to work in September 2007 with accommodations for Mr. Jaramillo's work restrictions.

Mr. Jaramillo filed a civil action to recover for his injuries[2] and to complain about Gong's "unlawful conduct" to allow the vendor's employee to drive the forklift without a license. Mr. Jaramillo participated in the civil action and met with his attorney, who communicated with Gong about the "terms and conditions" of Mr. Jaramillo's employment.

### **Mr. Jaramillo's Reduced Hours And Termination**

On four occasions, Mr. Jaramillo took time off work to meet with his attorney and to testify in his civil action. On one occasion, Paul Guillen ("Mr. Guillen"), Gong's store director and Mr. Jaramillo's supervisor, became upset and told Mr. Jaramillo "not to take a day off to give his deposition in the case."

In April 2009, Patty Mullen ("Ms. Mullen"), Gong's human resources representative, reduced Mr. Jaramillo to four to six hours a day for three days a week. In June 2009, Mr. Guillen and Ms. Mullen told Mr. Jaramillo that:

1. Gong "would no longer accommodate his work restrictions because he was permanently disabled";

2. Mr. Jaramillo "had to return to stocking and doing physical work"; and

---

[1] The factual recitation is derived generally from Mr. Jaramillo's First Amended Complaint ("FAC"), the target of Gong's challenges.

[2] Gong notes the action was against the outside vendor. Mr. Jaramillo notes the action was against the forklift driver.

3. Gong "would stop providing him with medical insurance benefits if he did not do so."

Gong neither investigated nor took corrective action to respond to Mr. Jaramillo's complaints of discrimination.

On August 3, 2009, Mr. Guillen told Mr. Jaramillo that Mr. Jaramillo was terminated and that Gong knew that Mr. Jaramillo would "never get better" and that Mr. Jaramillo would always be "this way." Mr. Guillen further told Mr. Jaramillo that Gong could not accommodate Mr. Jaramillo's work restrictions and that Gong had done all it could.

**Discrimination Charge**

On April 21, 2010, Mr. Jaramillo submitted to the Equal Employment Opportunity Commission ("EEOC") a discrimination charge ("EEOC charge") to claim "discrimination based on" "disability." The EEOC discrimination charge states in pertinent part:

> . . . On or about September 2007, I requested an accommodation. I was initially accommodated to work with restrictions. Thereafter, I was treated differently because of my disability including but not limited to lower work hours. I am aware that individuals without disabilities are treated better. On or about June 2009, Patty Mullen, Human Resources, and Paul Guillen, Store Director, told me I would no longer be accommodated to work with restrictions. On or about August 3, 2009, I was discharged.
>
> . . .
>
> I believe I was harassed, denied a reasonable accommodation, discharged, and subjected to different terms and conditions of employment because of my disability in violation of the Americans with Disabilities Act of 1990, as amended.

The California Department of Fair Employment and Housing ("DFEH") issued Mr. Jaramillo an April 22, 2010 right-to-sue letter.

**Mr. Jaramillo's Claims**

The FAC alleges that Gong terminated Mr. Jaramillo due to Mr. Jaramillo's "physical disability," which required further medical attention, doctors' visits, continued work absences, and "accommodation for his work restrictions." The FAC further alleges that Gong terminated Mr. Jaramillo "in retaliation for consulting an attorney about his working conditions, for taking time off to appear as a witness in a judicial proceeding, and for complaining about and reporting unsafe working conditions."

The FAC alleges medical leave, California Labor Code section 230 and defamation claims which

///

will be addressed in greater detail below.[3]  The FAC seeks to recover Mr. Jaramillo's lost earnings and benefits, punitive damages, and for emotional distress.

## GONG'S F.R.Civ.P. 12(b)(1) MOTION TO DISMISS
### F.R.Civ.P. 12(b)(1) Motion To Dismiss Standards

Gong seeks to dismiss Mr. Jaramillo's medical leave claims as beyond the scope of his EEOC charge to deprive this Court of subject matter jurisdiction.

F.R.Civ.P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. Fundamentally, federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock West, Inc. v. Confederated Tribes*, 873 F. 2d 1221, 1225 (9th Cir. 1989).  Limits on federal jurisdiction must neither be disregarded nor evaded.  *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978).  A plaintiff bears the burden to establish that subject matter jurisdiction is proper.  *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396; *see Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) ("plaintiff has burden of proving jurisdiction" to survive a F.R.Civ.P. 12(b)(1) motion to dismiss).

When addressing an attack on the existence of subject matter jurisdiction, a court "is not restricted to the face of the pleadings."  *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).  In such a case, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction.  *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct. 541 (1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *Smith v. Rossotte*, 250 F.Supp.2d 1266, 1268 (D. Or. 2003) (a court "may consider evidence outside the pleadings to resolve factual disputes apart from the pleadings").

No presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts does not preclude evaluation of the merits of jurisdictional claims.  *Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  On a factual attack of a complaint with affidavits or other evidence, "the party opposing the motion must furnish affidavits or

---

[3] FAC alleges other discrimination and related claims which are not subject to Gong's motion to dismiss.

4

other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High School*, 343 F.3d 1036, 1040, n. 2 (9th Cir. 2003).

"The plaintiff always bears the burden of establishing subject matter jurisdiction. In effect, the court presumes lack of jurisdiction until the plaintiff proves otherwise." *Valdez v. U.S.*, 837 F.Supp. 1065, 1067 (E.D. Cal. 1993). "[T]he burden of proof is on the plaintiff to support allegations of jurisdiction with competent proof when the allegations are challenged by the defendant." *O'Toole v. Arlington Trust Co.*, 681 F.2d 94, 98 (1st Cir. 1982).

With these standards in mind, this Court turns to Gong's challenges to subject matter jurisdiction over the FAC's medical leave claims.

**Medical Leave – Exceeding Scope Of EEOC Charge**

The FAC's fifth claim alleges retaliation for taking medical leave to violate the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code, §§ 12900, et seq. The claim alleges that Gong subjected Mr. Jaramillo "to adverse treatment and action because he exercised his right to request and take medical leave. Plaintiff told the EEOC about his use of medical leave during his interview with the agency. Plaintiff did not know that he had to do anything more to exhaust administrative remedies as to his claim, and he simply followed the instructions of the EEOC."

The FAC's (sixth) violation of medical leave laws claim alleges that Gong failed to provide Mr. Jaramillo notice of his right to request leave under the California Family Rights Act ("CFRA") and to inform Mr. Jaramillo that "his absence would count against his leave entitlement" but "counted the leave against his entitlement." Similar to the FEHA retaliation claim, the CFRA claim alleges that Mr. Jaramillo "told the EEOC about Defendant's failure to inform him of his right to medical leave during his interview with the agency. Plaintiff did not know that he had to do anything more to exhaust administrative remedies as to this claim, and he simply followed the instructions of the EEOC."

This Court's September 15, 2010 order ("September 15 order") dismissed the medical leave claims of Mr. Jaramillo's original complaint for lack of subject matter jurisdiction in that the EEOC's box for "retaliation" was not checked. Gong argues that since the September 15 order found no jurisdiction for Mr. Jaramillo's medical leave claims, Mr. Jaramillo is precluded to attempt to amend the claims with his FAC. Mr. Jaramillo contends that the policy of liberal amendment permits him to

5

amend his medical leave claims. This Court agrees with the parties that the September 15 order is unclear as to amendment of the medical leave claims and thus considers the medical leave claims on their merits.

"[T]he jurisdictional scope of a Title VII claimant's court action depends both on the EEOC charge and the EEOC investigation." *Green v. Los Angeles County Sup. Of Schools,* 883 F.2d 1472, 1476 (9th Cir. 1989); *Sosa v. Hiraoka*, 920 F.2d 1452, 1456 (9th Cir. 1990). Subject matter jurisdiction extends over all allegations of discrimination that either "fell within the scope of the EEOC's actual investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination." *EEOC v. Farmer Bros.*, 31 F.3d 891, 899 (9th Cir. 1994) (emphasis in original) (quoting *Sosa*, 920 F.2d at 1456). "The administrative charge requirement serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision." *Farmer Bros.*, 31 F.3d at 899 (citations and quotations omitted); *see also Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985) ("Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge.").

In reviewing the jurisdictional question, this Court construes Mr. Jamarillo's EEOC charge "with the utmost liberality." *Farmer Bros.*, 31 F.3d at 899. "Allegations of discrimination not included in the plaintiff's administrative charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002). To address the EEOC charge's scope, this Court may "consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred. In addition, the court should consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case." *B.K.B.*, 276 F.3d at 1100.

Gong contends that the EEOC charge's "thrust" is Gong's inability to accommodate Mr. Jaramillo after release by his workers' compensation physician. Gong argues that the EEOC charge's scope is limited to disability discrimination and retaliation because the EEOC charge alleges different

treatment "because of my disability." Gong continues that medical leave "retaliation claims are not reasonably expected to result from the disability discrimination claim that was generally alleged on the form."

Relying on his declaration, Mr. Jaramillo claims that he informed his EEOC representative of his medical leave issues but the EEOC representative did not include them in the EEOC charge. Mr. Jaramillo declares that he told the EEOC representative about "my need to take time off from work both for that injury and because of a family emergency" and Gong's "failure to inform me of my right to take medical leave." Mr. Jaramillo argues that a thorough EEOC investigation of Mr. Jaramillo's diability discrimination and harassment claims "would have reasonably uncovered" CFRA violations, "which are indisputably related to Mr. Jaramillo's disabling injury and his need to take time off work to heal and recover from that injury."

Mr. Jaramillo points to no pertinent authority to expand an EEOC charge to include issues raised during an interview with an EEOC representative. Mr. Jaramillo's EEOC charge is based on disability and disability alone. Mr. Jaramillo fails to demonstrate that medical leave retaliation falls under the umbrella of the disability theory. The ambit of Mr. Jaramillo's predicate EEOC charge is limited to disability discrimination and harassment. Expanding such ambit to include medical leave issues would circumvent EEOC's investigatory and conciliatory roles. As such, the fifth and sixth medical leave claims are dismissed with prejudice.

**GONG'S F.R.Civ.P. 12(b)(6) MOTION TO DISMISS**

**F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards**

Gong challenges the FAC's California Labor Code section 230 and defamation claims as lacking necessary facts.

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where

7

there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and a court must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009), the U.S. Supreme Court recently explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, __ U.S. __, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address a motion to dismiss:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, __ U.S. __, 129 S.Ct. at 1949-1950.

With these standards in mind, this Court turns to Gong's challenges to Mr. Jaramillo California Labor Code section 230 and defamation claims.

### **Labor Code Section 230**

The FAC's (ninth) claim for discrimination and retaliation to violate California Labor Code section 230 ("section 230") alleges:

> Defendant retaliated against Plaintiff by subjecting him to adverse action and treatment because he took time off from work to testify in legal proceedings. In 2008, Plaintiff appeared as witness for deposition in a civil case filed against Food 4 Less pursuant to a properly served deposition notice and or subpoena. Plaintiff was required, by the California Code of Civil Procedure, to give this testimony and take an oath.

Section 230(b) addresses an employee's "right to time off" and provides in pertinent part: "An employer may not discharge or in any manner discriminate or retaliate against an employee . . . for taking

time off to appear in court to comply with a subpoena or other court order as a witness in any judicial proceeding."

Gong faults the section 230 claim's failure to allege that Mr. Jaramillo appeared in court to comply with a subpoena or court order. Gong argues that Mr. Jaramillo is unable to rely on allegations that he was required to attend a deposition.

Mr. Jaramillo responds that section 230 protects him because he "was retaliated against for providing legally compelled testimony in the civil action he filed against the driver of the forklift."

Gong's chief challenge to the section 230 claim is that the FAC does not allege that Mr. Jaramillo appeared "in court." Gong appears to argue that section 230 applies only to a subpoena or court order compelling "in court" testimony. Gong provides no support that section 230 does not apply to a deposition notice served on Mr. Jaramillo under California Code of Civil Procedure section 2025.280(a), which provides: "The service of a deposition notice . . . is effective to require a deponent who is a party to the action . . . to attend and to testify . . ." Under California law, a deposition notice to a party has the effect as a subpoena, that is, the requirement "to attend and to testify." A California deposition notice is synonymous with a "subpoena or other court order . . . in any judicial proceeding." A leading California practice guide explains that a California deposition notice "is effective by itself to *compel* a *party* . . . to appear, to testify . . ." 2 Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (2010) para. 8:483, p. 8E-24. The FAC alleges facts to support a section 230 claim.

### **Defamation– Slander Per Se**

The FAC's (tenth) defamation – slander per se claim alleges that Gong published "false and unprivileged communications tending directly to injure Plaintiff in his business and professional reputation" in that Gong "told others" including potential employers that Mr. Jaramillo "was an unreliable employee who did not adhere to Defendant's attendance policy and who deserved to be terminated for poor attendance." The claim further alleges that Gong's defamatory publications indicated that Mr. Jaramillo "was deserving of disciplinary actions against him," "was terminated for poor attendance," and was "unreliable and a poor employee."

As to damages, the defamation – slander per se claim alleges injury to Mr. Jaramillo's "business and professional reputation" and lost "monetary gains which would otherwise have accrued to him in

his calling." The claim further alleges Mr. Jaramillo's "pecuniary loss in his profession in that his employment with Defendant was not in jeopardy until Defendants published the false statements; Plaintiff would have remained employed and continued to earn a livelihood if the false statements had not been published to cause him harm." The claim concludes that potential employers "did not respond to his inquiries and applications, and other employers will refuse to employ Plaintiff because of the false statements."

### *Opinion Vs. Fact*

"The tort of defamation involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal.4th 683, 720, 151 P.3d 1185 (2007) (internal quotation omitted). California Civil Code section 46 ("section 46") defines slander as "a false and unprivileged publication, orally uttered" which "[t]ends directly to injure [plaintiff] in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits." Section 46 also defines slander as oral communication "[w]hich, by natural consequences, causes actual damages."

Gong challenges the defamation – slander per se claim's failure "to allege the existence of a factual statement" in that negative job performance evaluations are opinion not subject to a defamation claim. Gong notes that an alleged statement that Mr. Jaramillo was an "unreliable employee who did not adhere to Defendant's attendance policy" is opinion.

Mr. Jaramillo responds that the allegedly defamatory statements accuse him of "not caring enough or not being competent enough to get to work [on] time or to work his full shift" to state falsely as fact that Mr. Jaramillo was terminated due to excessive unauthorized absences. Mr. Jaramillo argues that the matter of unauthorized absences "is objectively verifiable."

"Statements of fact are actionable as defamation, while opinions generally are not." *Terry v. Davis Community Church*, 131 Cal.App.4th 1534, 1552, 33 Cal.Rptr.3d 145 (2005). "However, opinions may be actionable if they imply an assertion of objective fact. *Terry*, 131 Cal.App.4th at 1552, 33 Cal.Rptr.3d 145. "[T]he dispositive question is whether a reasonable fact finder could conclude the

published statement declares or implies a provably false assertion of fact." *Franklin v. Dynamic Details, Inc.,* 116 Cal.App.4th 375, 384-385, 10 Cal.Rptr.3d 429 (2004).

"California courts have developed a 'totality of the circumstances' test to determine whether an alleged defamatory statement is one of fact or of opinion. First, the language of the statement is examined." *Baker v. Los Angeles Herald Examiner*, 42 Cal.3d 254, 260, 228 Cal.Rptr. 260 (1986), *cert. denied*, 479 U.S. 1032, 107 S.Ct. 880 (1987). "Next, the context in which the statement was made must be considered." *Baker*, 42 Cal.3d at 260, 228 Cal.Rptr. 206. "This contextual analysis demands that the courts look at the nature and full content of the communication and to the knowledge and understanding of the audience to whom the publication was directed." *Baker*, 42 Cal.3d at 260, 228 Cal.Rptr. 206.

As to an employer's performance evaluation, unless it "falsely accuses an employee of criminal conduct, lack of integrity, dishonesty, incompetence or reprehensible personal characteristics or behavior . . ., it cannot support a cause of action for libel. This is true even when the employer's perceptions about an employee's efforts, attitude, performance, potential or worth to the enterprise are objectively wrong and cannot be supported by reference to concrete, provable facts." *Jensen v. Hewlett-Packard Co.*, 14 Cal.App.4th 958, 965, 18 Cal.Rptr.2d 83 (1993).

The essence of the alleged defamation/slander is that Mr. Jaramillo was an "unreliable" employee who missed too much work to warrant his termination. The defamation – slander per se claim alleges such statement in the context of a job search and reference. The alleged defamation/slander does not accuse Mr. Jaramillo of criminal conduct, lack of integrity, dishonesty, incompetence or reprehensible character. The alleged defamation/slander implies that Mr. Jaramillo was unsuitable for continued Gong employment because of his absences and in turn unreliability. Such statement amounts to no more than opinion, not subject to an actionable defamation/slander claim.

### *Special Damages*

Gong faults the FAC's failure to allege Mr. Jaramillo's special damages in that the alleged defamatory statement is not defamatory on its face.

A statement which is not defamatory on its face requires that "the plaintiff plead and prove the defamatory meaning and special damages." *Savage v. Pacific Gas & Electric Co.*, 21 Cal.App.4th 434,

447, 26 Cal.Rptr.2d 305 (1993) (citing Cal. Civ. Code, §§ 45a, 46). Subsection 4.(b) of California Civil Code section 48a defines "special damages" as "all damages which plaintiff alleges and proves that he has suffered in respect to his property, business, trade, profession or occupation, including such amounts of money as the plaintiff alleges and proves he has expended as a result of the alleged libel, and no other." "If special damages are claimed, as in the present case, for injury to the plaintiff's trade, profession, or occupation, the nature and extent of the loss must be specifically set forth." *Pridonoff v. Balokovich*, 36 Cal.2d 788, 791-792, 228 P.2d 6 (1951). "To prevent a surprise on the defendant it is the general rule that the plaintiff must state in his complaint the particular damage which he has sustained or he will not be permitted to give evidence of it." *Pridonoff*, 36 Cal.2d 788, 791-792, 228 P.2d 6 (internal citations omitted).

Nonetheless, the "classical definition" of special damage in a defamation case is "a business loss suffered by the plaintiff as a result of damage to her reputation." *O'Hara v. Storer Communications, Inc.*, 231 Cal.App.3d 1101, 1112, 282 Cal.Rptr. 712 (1991) (citing Rest.2d Torts, § 575, com. b ("Special harm must result from the conduct of a person other than the defamer or the one defamed, and must be legally caused by the defamation.")).

Gong characterizes as lacking "particularity" the defamation – slander per se claim's allegation that Mr. Jaramillo lost "great monetary gains which would otherwise have accrued to him in his calling, occupation, and profession because of the false statements." Gong faults the claim's failure to identify employers which terminated Mr. Jaramillo or refused to hire him based on alleged defamation/slander. Gong further criticizes the defamation – slander per se claim's failure to allege "the amount of monetary damages he suffered due to the publication."

Mr. Jaramillo responds that allegations of job loss and "loss of job opportunities with other employers" is sufficient for his special damages claim.

The FAC alleges merely that Mr. Jaramillo lost his job with Gong and opportunities for subsequent employment. The FAC fails to allege the nature and extent Mr. Jaramillo's claimed loss with specifics. A mere reference to employer failure to respond to inquiries and applications is insufficient to further warrant dismissal with prejudice of the defamation – slander per se claim.

/ / /

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES with prejudice the FAC's (fifth) retaliation for taking medical leave, (sixth) violation of medical leave laws, and (tenth) defamation – slander per se claims;
2. DENIES dismissal of the FAC's (ninth) section 230 claim; and
3. ORDERS Gong, no later than December 6, 2010, to file and serve an answer to the FAC and its remaining claims.

IT IS SO ORDERED.

Dated:   November 16, 2010                     /s/ Lawrence J. O'Neill
                                               UNITED STATES DISTRICT JUDGE